UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

    v.                                                Civil No. 12-cv-86-SM

R. N. Van Wickler et al.[1]

**O R D E R**

Before the court is Palermo's complaint, construed to consist of a complaint and addenda thereto that Palermo has filed in this case (doc. nos. 1, 5, 10-12, and 15), and assertions made in Palermo's motion for a preliminary injunction (doc. no. 14). Palermo is a pretrial detainee at the Cheshire County Department of Corrections ("CCDC"). Because Palermo is incarcerated, the complaint is before the magistrate judge for a preliminary review. See United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2); see also 28 U.S.C. § 1915A. A preliminary review conducted pursuant to LR 4.3(d) is intended to screen from the court's docket in forma pauperis

---

[1] Palermo has named the following employees of the Cheshire County Department of Corrections as defendants in the caption of this action: Superintendent R. N. Van Wickler, Corrections Officer ("C.O.") Trombi (first name unknown ("FNU")), C.O. FNU Gagnon, Maj. FNU Mousseau, Dr. Dave Segal, and Sgt. FNU Marsh. Palermo includes defendants Sgt. FNU Irwin, C.O. FNU Narkun, and C.O. FNU Schart in the narrative of the complaint.

"initial filings" and prisoner "complaints" subject to dismissal in whole or in part for the reasons stated therein.  <u>See</u> LR 4.3(d)(2); 28 U.S.C. §§ 1915(e)(2) and 1915A.  A preliminary review, undertaken before the opposing party has appeared, however, does not preclude further pretrial litigation; complaints served after a preliminary review remain subject to motions filed under Fed. R. Civ. P. 12 and other authorities.

For the reasons fully explained in the report and recommendation issued simultaneously with this order, the court finds, without further comment on the merits of the claims, that Palermo has stated sufficient facts to allow the following claims to proceed:

- Denial of access to the courts (against CCDC Supt. R. N. Van Wickler and Maj. Mousseau);
- Excessive force (against Maj. Mousseau);
- Inadequate medical care (against Dr. Dave Segal);
- Endangerment (against Corrections Officers Narkun, Barret, and Schart);
- Forced medication (against Dr. Segal);
- Improper segregation (against Supt. Van Wickler);
- Retaliation for engaging in litigation (against Supt. Van Wickler and Maj. Mousseau);

- Denial of food (againstSgt. Irwin); and
- Denial of access to religious practice under the Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc-1(a) (against Supt. Van Wickler and Maj. Mousseau).

The file contains summons forms completed by plaintiff for defendants Irwin, Narkun, Barret, and Schart.  The Clerk's office is directed to complete summons forms for defendants Supt. R. N. Van Wickler, Maj. Mousseau, and Dr. Dave Segal, using the following address: Cheshire County Department of Corrections, 825 Marlboro Rd., Keene, NH, 03431.  The Clerk's office is further directed to issue all of the summonses and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; copies of the complaint (doc. nos. 1, 5, 10-12, and 15)); the motion for preliminary injunction (doc. no. 14); the report and recommendation issued this date; and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants Van Wickler, Mousseau, Segal, Irwin, Narkun, Barret, and Schart.  <u>See</u> Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendants are instructed to answer or otherwise plead within twenty-one days of service. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Palermo is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date: June 13, 2012

cc: Christopher Palermo, pro se

LBM:jba