**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Christopher Palermo

   v.                                              Civil No. 12-cv-86-SM

R. N. Van Wickler, Superintendent,
Cheshire County House of
Corrections et al.


**O R D E R**


Before the court is Christopher Palermo's motion for court-appointed counsel (doc. no. 20).  Defendants object (doc. no. 29).  For the reasons stated herein, the motion is denied.

There is no constitutional right to the appointment of counsel in a civil case in this court.  See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003).  While the court has the discretion to appoint counsel in a particular case, it must do so "only if 'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiff's] due process rights.'"  King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).  To determine if "exceptional circumstances" warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the

complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24.

In support of his request for counsel, Palermo asserts that: 1) he has limited access to legal research materials; 2) there are complex issues in the case; 3) he has limited education; 4) an attorney would be more effective than he at a trial in this matter; 5) the case requires the taking of depositions of inmates; and 6) he suffers from certain mental illnesses and learning disabilities.  While the court understands that the factors set forth by Palermo make it more difficult for him to prosecute this action without the assistance of counsel, that fact does not distinguish Palermo from the majority of prisoners who pursue pro se civil rights actions in the federal courts.  Palermo's specific reasons for requesting counsel are common to many pro se prisoners.  The mental health issues and disabilities cited by Palermo could, in a particular case, tip the balance in favor of the appointment of counsel.  Here, however, Palermo has demonstrated in his filings an ability to draft pleadings stating plausible claims and to articulate meaningful requests for relief in a clear and cogent manner.  For that reason, the conditions and other factors cited by Palermo do not present the type of

extraordinary circumstances warranting the appointment of counsel.

Should this matter eventually entail an evidentiary hearing or jury trial, or should evidence, discovery, or other issues in this case become unusually complicated, Palermo may renew his request for counsel at that time. Palermo has not asserted that he will be denied due process of law in the absence of an order appointing counsel at this time.

## Conclusion

For the foregoing reasons, the motion for court-appointed counsel (doc. no. 20) is denied. The denial is without prejudice to Palermo renewing his request in the future, should circumstances warrant.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

September 7, 2012

cc: Christopher Palermo, pro se
    Corey M. Belobrow, Esq.

LBM:jba

3