UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

   v.                                  Civil No. 12-cv-86-SM

R. N. Van Wickler, Superintendent,
Cheshire County House of
Corrections et al.

## REPORT AND RECOMMENDATION

Before the court is Christopher Palermo's motion for a preliminary injunction and temporary restraining order (doc. no. 14). Palermo also filed a motion to amend the complaint (doc. no. 19) that includes a request for an injunction ordering that Palermo be released from disciplinary segregation at the CCHC. Both motions have been referred to this magistrate judge for proposed findings and a recommendation as to disposition (doc. nos. 18 and 25). For the reasons explained herein, Palermo's requests for injunctive relief should be denied as moot.

**Background**

Palermo filed the instant requests for injunctive relief while he was incarcerated at the Cheshire County House of Corrections ("CCHC"). His requests allege that defendants, all CCHC employees, threatened to transfer Palermo to an out-of-state jail. Palermo seeks to enjoin the defendants from

effecting such a transfer. On July 27, 2012, the CCHC Superintendent transferred Palermo to the New Hampshire State Prison ("NHSP"), due to ongoing behavioral difficulties Palermo was having at the CCHC. The defendants have objected to the requests for injunctive relief (doc. nos. 27 and 28) on the basis that Palermo's transfer to the NHSP renders those requests moot.

## Discussion

"If a case is moot, . . . [a federal court] cannot hear it because 'Article III of the Constitution restricts federal courts to the resolution of actual cases and controversies.'" Libertarian Party of N.H. v. Gardner, 638 F.3d 6, 12 (1st Cir.), cert. denied, 132 S. Ct. 402 (2011). A claim for injunctive relief concerning conditions at a prison facility are rendered moot by an inmate's transfer from that facility. See Golden v. Sabol, 575 F. Supp. 2d 280, 283 (D. Mass. 2008) (citing Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007), and collecting cases). An exception to mootness exists where a dispute is "capable of repetition, yet evading review." United States v. Juvenile Male, 131 S. Ct. 2860, 2865 (2011).

Palermo has been transferred from the CCHC to the NHSP. Nothing in the record indicates that Palermo will be returned to the CCHC, or that if he were to be returned to the CCHC in the

future, he would be in danger of being transferred to an out-of-state facility. Palermo's motions neither present a live controversy nor fall into the "capable of repetition, yet evading review" exception to mootness. Accordingly, his requests for injunctive relief are moot and should be denied.

**Conclusion**

For the foregoing reasons, the court should deny the motion for injunctive relief (doc. no. 14) and the request for injunctive relief included in Palermo's motion to amend his complaint (doc. no. 19). Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 7, 2012
cc: Christopher Palermo, pro se
    Corey Belobrow, Esq.

3